**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CAPITAL ONE AUTO FINANCE,**                                                      **PLAINTIFF**
**a division of Capital One N.A.**

**V.**                                                                   **NO. 4:16-CV-244-DMB-JMV**

**NABORS, INC.**                                                              **DEFENDANT**


**ORDER**

Before the Court is Capital One Auto Finance's motion for default judgment against Nabors, Inc. Doc. #23.

**I**
**Procedural History**

On December 9, 2016, Capital One Auto Finance filed a complaint against Nabors, Inc. in the United States District Court for the Northern District of Mississippi, alleging breach of contract, fraud, and conversion concerning its purchase of vehicle financing contracts from Nabors. Doc. #1 at 26–27. Service of the summons and complaint was executed on January 7, 2017. Doc. #3. On February 8, 2017, Capital One moved for entry of default against Nabors for failure to plead or otherwise defend. Doc. #5 at 1. The Clerk of the Court entered a default the next day. Doc. #6.

On March 16, 2017, United States Magistrate Judge Jane M. Virden, concluding that the complaint "fail[ed] to satisfactorily allege the citizenship of Capital One," issued an order allowing Capital One seven days to correct the defect in its jurisdictional allegations by filing an amended complaint to avoid "dismissal of this case for lack of subject matter jurisdiction." Doc. #7 at 2. Four days later, Capital One amended its complaint to allege that it is a division of Capital One,

National Association, and that Capital One, National Association's articles of incorporation designate a main office in McLean, Virginia.[1]  Doc. #8 at 1.

After no activity in the case for over a year, on April 4, 2018, Judge Virden ordered Capital One to show cause, within five business days, "why this case should not be dismissed for failure to prosecute."  Doc. #9.  Two days later, Capital One moved for entry of default against Nabors.  Doc. #10.  The Clerk of the Court entered a default on April 9, 2018.  Doc. #11.  On April 10, 2018, Capital One moved for an extension through April 25, 2018, to respond to the show cause order, which Judge Virden granted the following day.  Doc. #12 at 3; Doc. #13.

On April 20, 2018, Capital One filed a motion for leave to file a second amended complaint.  Doc. #14.  On April 25, 2018, Capital One filed a response to the show cause order stating, "[Capital One] does not anticipate Nabors will appear and defend the allegations. Thus, upon expiration of the time to respond [to the second amended complaint], [Capital One] will seek a Clerk's Default …."  Doc. #15 at 4.  Judge Virden granted Capital One's motion for leave to amend on May 2, 2018.  Doc. #16.  The same day, Capital One filed a second amended complaint.  Doc. #17.  Service of the summons and second amended complaint was executed on May 15, 2018.[2]  Doc. #20.

On June 8, 2018, Capital One moved for entry of default against Nabors based on the second amended complaint.  Doc. #21.  Three days later, the Clerk of the Court entered a default.  Doc. #22.  On June 12, 2018, Capital One filed this motion for default judgment.[3]  Doc. #23.

---

[1] A national bank is a citizen of "the State designated in its articles of association as its main office."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

[2] On June 6, 2018, the Clerk of the Court issued a notice of incomplete process as to Nabors.  Doc. #19.

[3] On June 25, 2018, a copy of the Clerk of the Court's entry of default mailed to Nabors was returned as undeliverable.  Doc. #25.

**II**
**Analysis**

Pursuant to "Rule 55 of the Federal Rules of Civil Procedure, federal courts have the authority to enter a default judgment against a defendant who has failed to plead or otherwise defend upon motion of the plaintiff." *J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F.Supp.3d 809, 813 (N.D. Tex. 2015). "Under Fifth Circuit law, there are three steps to obtaining a default judgment: first, default by the defendant; second, clerk's entry of default; and third, entry of a default judgment." *Gray v. MYRM Holdings, L.L.C.*, No. 11-CV-180, 2012 WL 2562369, at *3 (W.D. Tex. June 28, 2012) (citing *N.Y. Life. Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)) (emphases omitted). The first two steps have been satisfied here. *See* Docs. #21, #22. Thus, the only issue left to consider is whether default judgment should be entered. In making this determination, the Court conducts a three-question analysis: (1) "whether the entry of default judgment is procedurally warranted;" (2) "whether there is a sufficient basis in the pleadings for the judgment;" and (3) "what form of relief, if any, the plaintiff should receive." *J & J Sports*, 126 F.Supp.3d at 814.

**A. Procedurally Warranted**

In determining whether a default judgment is procedurally warranted, a court should consider: (1) "whether material issues of fact are at issue;" (2) "whether there has been substantial prejudice;" (3) "whether the grounds for default are clearly established;" (4) "whether the default was caused by a good faith mistake or excusable neglect;" (5) "the harshness of a default judgment;" and (6) "whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

First, where, as here, a party fails to respond to or answer the complaint, there are no material issues of fact at issue. *See John Perez Graphics & Design, LLC v. Green Tree Inv. Grp.*,

*Inc.*, No. 3:12-cv-4194, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) ("Green Tree has not

filed a responsive pleading or otherwise appeared in this case, and thus has not contested any facts

presented in Plaintiff's Complaint.").

Second, Nabors' failure to respond causes prejudice to Capital One because it "threatens

to bring the adversary process to a halt, effectively prejudicing [Capital One's] interests in pursuing

its rights afforded by law." *Id.*

Third, as mentioned above, the grounds for default (default and entry of default) have been

clearly established.

Fourth, there is no evidence before the Court that "the default was caused by a good faith

mistake or excusable neglect …." *Lindsey*, 161 F.3d at 893.

Fifth, Nabors has had more than eight months to attempt to set aside the default. "[W]hile

default judgment is a harsh remedy, any harshness is mitigated where … the defendant has had

substantial time to correct the default." *Helena Chem. Co. v. Aylward*, No. 4:15-CV-96, 2016 WL

1611121, at *2 (N.D. Miss. Apr. 21, 2016).

Finally, in the event Nabors later seeks to challenge the default, the Court is aware of no

facts that would make it "obliged to set aside the default …." *Lindsey*, 161 F.3d at 893.

Considering these factors, the Court finds they all weigh in favor of a procedurally

warranted default judgment in this case.

### B. Sufficient Basis in Pleadings

"In light of [an] entry of default, [a defendant is] deemed to have admitted the allegations

set forth in [the] [p]laintiff's [c]omplaint." *J & J Sports*, 126 F.Supp.3d at 815. However, a

"defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."

*Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("[A]

defendant's default does not in itself warrant the court in entering a default judgment. There must

be a sufficient basis in the pleadings for the judgment entered."). Addressing the "sufficient basis

in the pleadings" requirement, the Fifth Circuit has stated:

> Despite announcing that a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings, the *Nishimatsu* court did not elaborate on these requirements … and we have found no guidance in our own cases. Nevertheless, we draw meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint. Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief. The purpose of this requirement is to give the defendant fair notice of what the claim is and the grounds upon which it rests. The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Detailed factual allegations are not required, but the pleading must present more than an unadorned, the-defendant-unlawfully-harmed-me accusation.

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal quotation

marks, citations, and alterations omitted).

In its second amended complaint, Capital One asserts claims against Nabors for breach of

contract, fraud, and conversion. Doc. #17 at 18–19.

### 1. Breach of contract

Under Mississippi law, the elements of a breach of contract claim are (1) "the existence of

a valid and binding contract" and (2) "that the defendant has broken, or breached it." *Bus.

Commc'ns, Inc. v. Banks*, 90 So.3d 1221, 1224 (Miss. 2012). "Monetary damages are a remedy

for breach of contract, not an element of the claim." *Id*. at 1225.

Here, Capital One's second amended complaint alleges that "[o]n or about August 21,

2003, [Capital One] and Nabors entered into a written Dealer Agreement … whereby Nabors

agreed to the terms of the Contract as a condition for [Capital One] to purchase vehicle financing

contracts from Nabors." Doc. #17 at 2. These undisputed allegations support the existence of a

valid and enforceable contract.

Regarding the breach element, Capital One alleges Nabors "warranted, represented and/or covenanted" under sections one and three of the Dealer Agreement that for each financing contract, it (1) "obtained a certificate of title for the subject motor vehicle reflecting [Capital One] as the primary lienholder;" (2) provided to Capital One "descriptions of said new and/or used motor vehicle, or any services [that] are in all respects true and complete;" (3) confirmed "that the Debtor or Debtors named … are bona fide Debtors and each Debtor, and any guarantor, had legal capacity to make such contracts;" and (4) agreed to repurchase "at any time prior to the scheduled maturity of any receivable, and upon notice and demand from [Capital One] … any Receivable for which there has been a breach of one or more of [Nabors'] representations and warranties …." *Id.* at 2, 3 (alterations omitted). With respect to twenty-four individual loans, Capital One alleges Nabors breached sections one and three of the contract by failing to provide a perfected title, misrepresenting the description of a vehicle, misrepresenting the identity and income of the debtor or debtors named in the loan, failing to provide the balance owed on a loan for a vehicle that was repossessed, and failing to repurchase a loan upon a breach of its representations and warranties. *See id.* at 3–18. Considering these allegations, the Court concludes that, as to the claim of breach of contract, there is a sufficient basis in the pleadings for a default judgment.

### 2. Fraud

Under Mississippi law, the elements of fraud are:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker[']s intent that the representation be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and, (9) the hearer's consequent and proximate damages.

*Gamble ex rel. Gamble v. Dollar Gen. Corp.*, 852 So.2d 5, 10 (Miss. 2003). Pursuant to Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity

the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Under this standard, "a plaintiff must plausibly plead facts establishing the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what that person obtained thereby." *IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs., Inc.*, 900 F.3d 640, 647 (5th Cir. 2018) (internal quotation marks and alterations omitted).

Capital One alleges:

Nabors knowingly made material, false representations to [Capital One] regarding borrowers and/or the vehicles financed by [Capital One].

Nabors made these representations with the intent of inducing [Capital One] to finance the purchase of vehicles by borrowers from Nabors.

[Capital One] was unaware of the falsity of Nabors's representations at the time the statements were made.

[Capital One] had a right to rely on Nabor's representations.

[Capital One's] reliance on Nabors's false representations … caused injury to [Capital One].

Doc. #17 at 18, 19 (paragraph numbering omitted). The details of the fraud claims regarding the twenty-four loans are not pleaded with sufficient particularity as required under Rule 9(b). Specifically, the second amended complaint fails to allege when and where each of these fraudulent acts took place. The Court, therefore, finds there is an insufficient basis in the pleadings to support the fraud claims against Nabors.

### 3. Conversion

Under Mississippi law, a conversion claim requires an "intent to exercise dominion or control over property inconsistent with the true owner's rights." *Morrone Co. v. Barbour*, 241 F.Supp.2d 683, 689 (S.D. Miss. 2002) (quoting *Masonite Corp. v. Williamson*, 404 So.2d 565, 567 (Miss. 1981)). "Where one acquires possession of the property in a lawful manner, … his refusal

to relinquish possession or control over the property after a demand … gives rise to the action." *Greenline Equip. Co. Inc. v. Covington Cty. Bank*, 873 So.2d 950, 958 (Miss. 2002) (emphasis omitted). "Mississippi federal courts have stated that money and other intangible assets cannot be converted under Mississippi law unless the funds or other property can be specifically identified." *Morris Schneider Wittstadt, LLC v. Beau Rivage Resorts, Inc.*, No. 1:15-CV-403, 2016 WL 1254387, at *3 (S.D. Miss. Mar. 29, 2016).

Here, Capital One alleges that "Nabors, without authorization, has deprived [Capital One] of its property, including payment for the Loans described in this Complaint;" Capital One "demanded that Nabors return payment for the Loans and to remit refunds owed to [Capital One] on the Loans described in th[e] Complaint;" and "Nabors has failed and/or refused to return [Capital One's] property." Doc. #17 at 19. The details of each loan and the amount demanded on each loan are specified in the second amended complaint and attached exhibits. Doc. #17 at 3–18; Doc. #17-2; Doc. #17-3. Given this, the Court finds that Capital One has sufficiently stated a conversion claim.

## C. Relief

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *U.S. For Use of M-Co Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). Rather, "the burden of establishing damages rest[s] squarely on [the plaintiff]." *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011).

Generally, a district court may not award damages without an evidentiary hearing unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see Leedo Cabinetry v. James Sales & Distribution, Inc.*,

157 F.3d 410, 414 (5th Cir. 1998) (no hearing necessary where damages were "capable of mathematical calculation" based on evidence in affidavits and supporting documentation). If damages, including fees, cannot be computed with certainty, a district court may grant a motion for default judgment on the issue of liability and, "to the extent that it requests default judgment without proof of damages," deny the motion without prejudice, subject to additional argument or evidence from the plaintiff. *See, e.g.*, *Yan Fang Jiang v. Hannon Grp., Ltd.*, No. 14-CV-309, 2015 WL 5010501, at *4 (E.D. Wis. Aug. 21, 2015) (granting motion for default judgment on issue of liability and denying on issue of damages absent proof); *see also I.U.O.E. Local 68 Pension Fund v. Resorts Int'l Hotel, Inc.*, No. 12-cv-6773, 2013 WL 4042451, at *4 (D.N.J. Aug. 8, 2013) (granting motion for default judgment with regard to liability but determining that because plaintiffs failed to submit documentation supporting their request for damages, the court "will have to determine a proper award at a later hearing.").

Here, Capital One requests that the Court award it compensatory damages totaling $298,444.29. Doc. #24 at 12. It is "neither seeking attorney's fees nor punitive damages from Nabors." *Id*. Capital One submitted a "Declaration of Matthew McClain" which lists the debt owed by Nabors for each loan. Doc. #24-3 at 1, 2–4.[4] This sum may be capable of mathematical calculation but Capital One has not provided supporting documents to demonstrate how it reached these figures. Because the McClain Declaration provides only conclusory assertions of Capital One's losses, the Court has insufficient information to determine the amount of a default judgment against Nabors. *See Travelers Cas. & Sur. Co. of Am. v. Hub Mech. Contractors, Inc.*, No. 2:13-cv-101, 2014 WL 1464553, at *4 (S.D. Miss. Apr. 15, 2014) (motion for default judgment denied

---

[4] In violation of the Court's local rules, Capital One attached the "Declaration of Matthew McClain" and other exhibits to its memorandum brief. *See* L.U. Civ. R. 7(b)(2) ("supporting documents and exhibits … must be filed as exhibits to the motion … to which they relate").

without prejudice "where the movant merely provided the court with an affidavit from an employee stating an amount owed without any documentation to corroborate the employee's say-so") (citing *CSXT Intermodal, Inc. v .Mercury Cartage, LLC*, 271 F.R.D. 400, 402 (D. Maine 2010)). Therefore, the motion for default judgment will be denied without prejudice to the extent it requests default without supporting proof of damages.

**III**
**Conclusion**

Capital One's motion for default judgment [23] is **GRANTED in Part and DENIED in Part**:

1. The motion is GRANTED to the extent it seeks to impose liability against Nabors for breach of contract and conversion.

2. The motion is DENIED to the extent it seeks to impose liability against Nabors for fraud.

3. The motion is DENIED without prejudice on the issue of damages for breach of contract and conversion. Capital One may renew its request for damages for breach of contract and conversion within fourteen (14) days of the issuance of this order.

**SO ORDERED**, this 22nd day of March, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**