**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**CAPITAL ONE AUTO FINANCE,**                                                     **PLAINTIFF**
a division of Capital One, N.A.

**V.**                                                                     **NO. 4:16-CV-244-DMB-JMV**

**NABORS, INC.**                                                                        **DEFENDANT**

**ORDER**

Before the Court is Capital One Auto Finance's renewed motion for default judgment, Doc. #30, and its supplemental renewed motion for default judgment, Doc. #36.

**I**
**Procedural History**

On May 2, 2018, Capital One Auto Finance, with leave of the Court,[1] filed a second amended complaint against Nabors, Inc., asserting state law claims for breach of contract, fraud, and conversion regarding its purchase of vehicle financing contracts from Nabors.[2] Doc. #17. Service of the summons and second amended complaint was executed on May 15, 2018. Doc. #20. On June 8, 2018, Capital One moved for entry of default against Nabors. Doc. #21. Three days later, the Clerk of the Court entered a default. Doc. #22. Capital One then filed a motion for default judgment. Doc. #23.

On March 22, 2019, the Court granted Capital One's motion for default judgment on the issue of Nabors' liability for breach of contract and conversion but denied it on the claim for fraud. Doc. #26 at 10. The Court denied without prejudice the issue of damages, finding that Capital One

---

[1] Doc. #16.

[2] A detailed procedural history of this case prior to the filing of the second amended complaint is set forth in the Court's March 22, 2019, order. *See* Doc. #26.

had provided only conclusory assertions of its losses, and allowed Capital One to renew its request for damages within fourteen days. *Id.* at 9–10.

After receiving a requested extension,[3] Capital One, on April 19, 2019, filed a renewed motion for default judgment ("Renewed Motion") on the issue of damages for breach of contract.[4] Doc. #30. The same day, Capital One moved to extend the time to "supplement" its Renewed Motion as to "eleven … additional Receivables, for which [it] seeks damages." Doc. #32 at 2. Four days later, Capital One moved again to extend the time to supplement, representing that it had "since discovered … it need[ed] additional time … due to the volume of documents involved, and the need for witness coordination." Doc. #33 at 1–2.

On April 26, 2019, Capital One moved once more for additional time to supplement the Renewed Motion, representing that it needed "additional time … to provide its final evidentiary submission." Doc. #34 at 2. On May 2, 2019, the Court granted Capital One's requests for additional time and allowed it until May 10, 2019, to supplement the Renewed Motion. Doc. #35. On May 10, 2019, Capital One filed a "supplemental" renewed motion for default judgment ("Supplemental Motion") on the issue of damages for breach of contract.[5] Doc. #36.

## II
## Analysis

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *United States ex rel. M-*

---

[3] Doc. #29.

[4] While the Court allowed Capital One to renew its request for damages for breach of contract *and* conversion, the Renewed Motion only seeks damages for breach of contract. Doc. #30 at 1 ("[Capital One] hereby renews its request for a default judgment against Nabors … seek[ing] damages for its breach of contract claim.").

[5] In the Supplemental Motion, Capital One does not seek damages on its conversion claim. Doc. #36 at 2 ("[Capital One] hereby supplements its request for a default judgment against Nabors … seek[ing] damages for its breach of contract claim.").

*CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). "[T]he burden of establishing damages rest[s] squarely and solely on [the plaintiff]." *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x 452, 457 (6th Cir. 2011). Generally, a district court may not award damages without an evidentiary hearing unless "the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

"The law governing what damages are recoverable is substantive, and therefore in a diversity case state law governs what damages are available for a given claim and the manner in which those damages must be proved." *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 398 (5th Cir. 2013). The substantive law of the forum state – Mississippi in this case – governs. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018).

In the Renewed Motion, Capital One seeks damages for thirteen receivables[6] it purchased from Nabors. Doc. #31 at 3, 4. In the Supplemental Motion, Capital One seeks damages for an additional eleven receivables purchased from Nabors. Doc. #36 at 2. These twenty-four receivables are ones for which Nabors breached one or more representations and warranties in its Dealer Agreement with Capital One. Doc. #31 at 2. According to the Dealer Agreement, Nabors was to "repurchase from [Capital One] any Receivable for which there has been a breach of one or more of [Nabors'] representations and warranties." Doc. #24-2 at ¶ 3.

### A. Renewed Motion

Under Mississippi law, "[f]or the breach of a contract to pay, the principal with interest is the measure of damages …." *S. Package Corp. v. Walton*, 18 So. 2d 458, 461 (Miss. 1944).

In the Renewed Motion, Capital One requests compensatory damages on its breach of contract claim in the amount of $164,928.53 for thirteen receivables. Doc. #30; *see* Doc. #31 at

---

[6] A "receivable" is vehicle financing provided by Capital One to Nabors' automobile customer. Doc. #31 at 2.

3–4.  Capital One includes as an exhibit to the motion its transaction history reports and Nabors' sale contracts.  Doc. #30-1.  These documents support damages totaling $153,413.70[7] for twelve of the thirteen receivables,[8] based on the sum of the "Principal" and "Interest" identified in the transaction history report as to each.

The documents do not, however, support damages associated with account number 62075229962761001.  For that account, Capital One, through a declaration of its employee Joseph Allison,[9] states that the debt total "consists of the principal balance and accrued interest and fees through the payoff date."  *Id.* at ¶ 10.  However, unlike the other receivables in the Renewed Motion, Capital One does not specifically identify which numbers it used to reach that debt total.  While the "balance" of that account can be identified, that is not the case for the generally described "accrued interest and fees."  In the absence of any explanation by Capital One of how it calculated this total (without using the conclusory payoff amount of $11,514.83), the Court relies on the most recent "Balance" shown in the transaction history report, which is $11,362.45.  *See id.* at PageID #463.

In sum, on the Renewed Motion, the Court will award a total of $164,776.15 in compensatory damages to Capital One.

---

[7] The accounts included in this sum are the following: 62075262100641001 (Kathy Barnes and William Morris); 62075260567071001 (Isle Delaney and Cortez Delaney); 62075224346261001 (Ida Marshall and Deltonya Taliferro); 62075224366531001 (Miracle Brown and Doris Brown); 62075225229321001 (Annette Webster); 62075229962841001 (Henry Jones and Adlene Birkhead); 62075220223791001 (Edward Williams Sr. and Whitley Williams); 62075203817891001 (Harvey Jones); 62021478485721001 (Angela Clark and Gerald Myles); 62075277108851001 (Clarence Mitchell); 62021490486971001 (Louise Donald); and 62061740296271001 (Nina Epson).  Doc. #31 at 3.

[8] The "amount of debt" for accounts 62021490486971001 and 62061740296271001 appears to be flipped in the Renewed Motion.  *See* Doc. #31 at 3.  The debt total of $20,035.74 is actually for account 62061740296271001.  *See* Doc. #30-1 at PageID #528.  The debt total of $16,663.37 is for account 62021490486971001.  *See id.* at PageID #534.

[9] Allison is "Sr. Department Operations Manager for Dealer Funding."  Doc. #30-1 at ¶ 2.

**B. Supplemental Motion**

In the Supplemental Motion, which identifies eleven additional receivables, Capital One requests (1) $59,238.27 total in compensatory damages on its breach of contract claim for five receivables; and (2) for the remaining six receivables, either $43,447.69 total in compensatory damages for breach of contract or $9,000.00 in nominal damages. Doc. #36 at 2. The Court applies the same standard for damages as that used in analyzing the damages requested in the Renewed Motion.

For the requested $59,238.27 in compensatory damages for the first five receivables, Capital One relies on its transaction history reports and Nabors' sale contracts. *See* Doc. #36-1. These documents support the debt amounts for two of these five receivables—account #62061742581541001 and account #62061744559871001, which, respectively, total $13,748.84[10] and $18,473.76[11]—based on the sum of the "Principal" and "Interest" identified in each account's transaction history report. Capital One computed the total debts for the remaining three accounts by totaling "the principal balance and accrued interest and fees." *Id.* at ¶¶ 5, 6, 9. Capital One again does not identify what "interest and fees" to which it refers. In the absence of any explanation by Capital One of how it calculated this total (without relying on the conclusory payoff amounts), the Court relies on the most recent "Balance[s]" shown in the transaction history report. For account #62075215955101001, it is $19,618.67;[12] for account #62075259643751001, it is

---

[10] Doc. #36-1 at PageID #601 (Robbie and Pamela Jackson); *id.* at PageID #598.

[11] *Id.* at PageID #594 (Cheryl Overton).

[12] *Id.* at PageID #581 ("Delvin Bridges"). The memorandum in support of the Supplemental Motion refers to the borrower's last name as "Bridges." Doc. #37 at ¶ 3. However, the sale contract and transaction history report identify it as "Briggs." Doc. #36-1 at PageID #578 (sale contract); *id.* at PageID ##581–89 (transaction history report).

$11,452.28;[13] and for account #62075263708781001, it is $6,161.93.[14] Thus, the Court will award Capital One a total of $69,455.48 for these five accounts.

For the remaining six additional receivables, Capital One does not provide supporting documents to show how it reached its figure of $43,447.69. Instead, it refers the Court to a "Declaration of Matthew McClain," a Capital One employee. Doc. #37 at ¶¶ 6–7; *see* Doc. #24-3 at 1, 3. As the Court stated in its March 22, 2019, order, this declaration "provides only conclusory assertions of Capital One's losses" and is "insufficient information." Doc. #26 at 9 (citing *Travelers Cas. & Sur. Co. of Am. v. Hub Mech. Contractors, Inc.*, No. 2:13-cv-101, 2014 WL 1464553, at *4 (S.D. Miss. Apr. 15, 2014)). The Court is thus unable to award Capital One its requested amount of $43,447.69 in damages for these receivables.

In the alternative, Capital One requests a total of $9,000.00 in nominal damages—$1,500.00 in nominal damages each for the six receivables. But, Capital One relies on irrelevant authority in doing so, as none of the cases it cites presents circumstances factually similar to those here. *Business Communications, Inc. v. Banks*, 90 So. 3d 1221 (Miss. 2012), concerned an employment contract. *Cook Industries, Inc. v. Carlson*, 334 F. Supp. 809 (N.D. Miss. 1971), did not concern a contract at all but is a tort case for nuisance. Because Capital One has not demonstrated a basis for its nominal damages calculation, the Court will not award nominal damages.

---

[13] Doc. #36-1 at PageID #612 (Lakenyi Hammond). The memorandum in support of the Supplemental Motion refers to the borrower's first name as "Lakenyi." Doc. #37 at ¶ 3. However, the sale contract, Doc. #36-1 at PageID #609, and transaction history report, *id.* at PageID ##612–20, identify it as "Lakenyia."

[14] Doc. #36-1 at PageID #568 (Madely Robinson). Capital One's memorandum in support of the Supplemental Motion refers to her as "Madely." *See* Doc. #37 at ¶ 3. However, the sale contract and transaction history report identify her as "Madelyn." Doc. #36-1 at PageID #565; *id.* at PageID ##568–76.

# III
# Conclusion

Capital One's Renewed Motion [30] and its Supplemental Motion [36] are both **GRANTED in Part and DENIED in Part**:

1. The Renewed Motion [30] is GRANTED to the extent $164,776.15 in compensatory damages are awarded. It is otherwise DENIED.

2. The Supplemental Motion [36] is GRANTED to the extent $69,455.48 in compensatory damages are awarded. It is otherwise DENIED.

**SO ORDERED**, this 27th day of March, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**